FILED

AUG 13 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 20-194 |
| ADAM DE LA ROSA<br>EGYPT DE LA ROSA | **UNDER SEAL** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Cindy K. Chung and Christopher M. Cook, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a thirty-one-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Fraud Conspiracy<br>From on or about June 30, 2015, and continuing thereafter until on or about Dec. 7, 2017 | 18 U.S.C. § 1349 | ADAM DE LA ROSA<br>EGYPT DE LA ROSA |
| 2-15 | Mail Fraud<br>Various dates from August 19, 2015, to Sept. 27, 2017 | 18 U.S.C. §§ 1341 and 2 | ADAM DE LA ROSA<br>Counts 2 through 11<br><br>EGYPT DE LA ROSA<br>Counts 12 through 15 |
| 16-25 | Wire Fraud<br>Various date from October 5, 2015, to Sept. 18, 2017 | 18 U.S.C. §§ 1343 and 2 | ADAM DE LA ROSA<br>Counts 16 through 20<br><br>EGYPT DE LA ROSA<br>Counts 21 through 25 |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 26-30 | Aggravated Identity Theft<br>August 17, 2015<br>(Counts 26-29)<br>September 9, 2017<br>(Count 30) | 18 U.S.C. § 1028A(a)(1) | ADAM DE LA ROSA<br>Counts 26-29<br><br>EGYPT DE LA ROSA<br>Count 30 |
| 31 | Unlawful Employment<br>From in and around June 2015, and continuing thereafter until in and around Dec. 2017 | 8 U.S.C. §§ 1324a(a)(1)(A), 1324a(a)(2), and 1324(f)(1); 18 U.S.C. § 2 | ADAM DE LA ROSA<br>EGYPT DE LA ROSA |

## II. ELEMENTS OF THE OFFENSES

**A.   As to Count 1:**

In order for the crime of Fraud Conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit violations of 18 U.S.C. §§ 1341 and 1343, as charged in the Indictment;

2. That the defendant was a party to or member of that agreement; and,

3. That the defendant joined the agreement or conspiracy knowing of its purpose to commit violations of 18 U.S.C. §§ 1341 and 1343, and intending to join together with at least one other alleged conspirator to achieve its objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve its objectives.

**B.   As to Counts 2 through 15:**

In order for the crime of Mail Fraud, in violation of 18 U.S.C. § 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised a scheme to defraud or to obtain

money by materially false or fraudulent pretenses and representations;

    2.    That the defendant acted with the intent to defraud; and,

    3.    That in advancing, furthering, or carrying out the scheme, the defendant caused the mails to be used.

**C.    As to Counts 16 through 25:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant devised a scheme to defraud or to obtain money by materially false or fraudulent pretenses and representations;

    2.    That the defendant acted with the intent to defraud; and,

    3.    That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**D.    As to Counts 26 through 30:**

In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant committed a felony violation of 18 U.S.C. § 1349, which is a statute listed in 18 U.S.C. § 1028A(c); and,

    2.    That the defendant, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

E.    **As to Count 31:**

In order for the crime of Unlawful Employment, in violation of 8 U.S.C. §§ 1324a(a)(1)(A), 1324a(a)(2), and 1324(f)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant hired for employment in the United States an alien, or after hiring an alien, continued to employ the alien;

2. That the defendant knew the alien was an alien not authorized to undertake the employment; and,

3. That the defendant engaged in a pattern or practice of said hiring or said continued employment.

### III. PENALTIES

A.    **As to Count 1: Fraud Conspiracy, in violation of 18 U.S.C. § 1349:**

1. A term of imprisonment for not more than twenty (20) years and if the violation affects a financial institution, a term of imprisonment of not more than thirty (30) years;

2. A fine of not more than the greater of: (a) $250,000 (18 U.S.C. § 3571(b)(3)); or (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and,

3. A term of supervised release of not more than three (3) years or not more than five (5) years if the maximum imprisonment is twenty-five (25) years or more (18 U.S.C. §§ 3559, 3583).

    **B.**    **As to Counts 2 through 25: Mail Fraud, in violation of 18 U.S.C. § 1341, and Wire Fraud, in violation of 18 U.S.C. § 1343:**

    1.    A term of imprisonment for not more than twenty (20) years and if the violation affects a financial institution, a term of imprisonment of not more than thirty (30) years;

    2.    A fine of not more than the greater of: (a) $250,000 (18 U.S.C. § 3571(b)(3)) or if the violation affects a financial institution, $1,000,000; or (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and,

    3.    A term of supervised release of not more than three (3) years or not more than five (5) years if the maximum imprisonment is twenty-five (25) years or more (18 U.S.C. §§ 3559, 3583).

    **D.**    **As to Counts 26 through 30: Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1):**

    1.    A term of imprisonment of two (2) years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

    2.    A fine of not more than the greater of: (a) $250,000 (18 U.S.C. § 3571(b)(3)) or (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and,

    3.    A term of supervised release of not more than one (1) year (18 U.S.C. § 3583).

E. As to Count 29: Unlawful Employment, in violation of 8 U.S.C. §§ 1324a(a)(1)(A), 1324a(a)(2), and 1324a(f)(1):

1. A term of imprisonment of not more than six months (8 U.S.C. § 1324a(f));

2. A fine of not more than $3,000 for each unauthorized alien with respect to whom such a violation occurs (id.); and,

3. A term of supervised release of not more than one year (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count of conviction at Counts 1 through 30 and of $10.00 at Count 31, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts 1 through 28, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Cindy K. Chung*
CINDY K. CHUNG
Assistant U.S. Attorney
PA ID No. 317227


*/s/ Christopher M. Cook*
CHRISTOPHER M. COOK
Assistant U.S. Attorney
KS ID 2386