IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 20-194 |
| | ) | |
| ADAM DE LA ROSA | ) | |

## MEMORANDUM OPINION and ORDER

On February 11, 2022, Defendant Adam De La Rosa filed a pro se Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 110 (Under Seal). On February 23, 2022, the Court appointed counsel to represent Defendant with respect to his Motion. ECF Nos. 113 & 114. On May 5, 2022, defense counsel filed a Counseled Submission with respect to Defendant's Motion for Compassionate Release. ECF No. 126. Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to the heightened risk of severe illness and death presented by COVID-19 because of Mr. De La Rosa's medical conditions and the alleged practical inability to contain the spread of the COVID-19 virus at the facility where he is housed. The Government filed a Response to the Motion, arguing that, although Mr. De La Rosa appears to have qualifying medical conditions placing him at risk of suffering severe illness or death should he contract the COVID-19 virus, his risk is mitigated because he is fully vaccinated, and that a sentence reduction is otherwise inappropriate. ECF No. 132. A hearing on Defendant's Motion was held on July 13, 2022. For the reasons set forth below, the Motion for Compassionate Release will be denied.[1]

---

[1] The government concedes that Mr. De La Rosa has exhausted his administrative remedies. Gov't Resp. at 3-4. Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion

I.      **Background**

On June 21, 2021, Defendant entered a plea of guilty to Counts 1, 2 and 16 of the Indictment filed at Criminal No. 20-194, charging him with Conspiracy to Commit Fraud in violation of 18 U.S.C. § 1341, Mail Fraud in violation of 18 U.S.C. § 1343, and Wire Fraud in violation of 18 U.S.C. § 1349. He was sentenced on October 14, 2021 to concurrent terms of 21 months' imprisonment, to be followed by a term of supervised release of 2 years. Presently, Defendant is incarcerated at the low security Federal Correctional Institution at Allenwood, Pennsylvania (Allenwood Low). According to the Bureau of Prisons, his expected release is May 17, 2023.

Mr. De La Rosa is 42 years of age. He reports that he has obesity, hypertension, and a heart condition that place him at a higher risk for severe illness or death should he contact COVID-19. He also reports he suffers from anxiety. He argues that extraordinary and compelling reasons exist warranting relief based on his health conditions in combination with the risk of contracting COVID-19 within Allenwood Low. As such, he requests that his sentence be reduced to "time served" with a supervised release condition of home-confinement[2]. He states that if released he would reside with his fiancé, who testified at the hearing that her home is located in Martinsburg, West Virginia.

The government concedes that Mr. De La Rosa's health conditions may be serious physical or medical conditions that substantially diminishes Mr. De La Rosa's ability to provide self-care within the correctional facility. Gov't Resp. at 6, referring to U.S.S.G. § 1B1.13,

---

"after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

[2] Assuming a reduction in sentence is warranted a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

comment (n.1(A)). The government, however, argues that a sentence reduction is not appropriate in this case because Mr. De La Rosa's risk of contracting the COVID-19 virus is mitigated by the fact that he has received two doses of the COVID-19 vaccination, he is receiving appropriate medical care at Allenwood Low, and the factors under 18 U.S.C. § 3553(a) do not support release. The government further notes that as of June 20, 2022, Allenwood Low had no cases of COVID-19 amongst the inmates and staff members.

## II. Analysis

### A. Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
> > **(1)** in any case—
> >
> > **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

> (1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. De La Rosa argues that his medical conditions qualify because they present "a serious physical or medical condition" that in light of the COVID-19 pandemic "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.[3] U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

### B. Discussion

#### 1. Section 3553(a) Factors

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. The Court sentenced Mr. De La Rosa to a sentence of 21 months, which is the low end of the Guideline Range he faced. Mr. De

---

[3] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, doment (n.1(C)).

La Rosa committed multiple, serious fraud offenses resulting in financial losses of over $250,000. In his plea agreement, Mr. De La Rosa acknowledged his responsibility for eighteen other charges filed against him, which included additional charges of aggravated identity theft and unlawful employment. Plea Agr. Apr. 9, 2021, at ¶ A.2. Mr. De La Rosa agreed that the conduct underlying such charges could be used by the Probation Office in calculating the guideline range and by the Court in imposing sentence. Id. At his sentencing hearing, this Court was aware that Mr. De La Rosa was obese, and that he had been diagnosed with high blood pressure and high cholesterol. PSIR, ¶¶ 49-50. In addition, the Court was aware that Mr. De La Rosa had reported to the Probation Officer that he planned to see a cardiologist as a precaution in light of his two brothers having passed away from COVID-19. PSIR, ¶ 52. At the time of sentencing, as well as currently, the COVID-19 virus presents serious concerns, which are being considered in deciding this Motion. Present consideration of Section 3553(a) factors continues to support the original sentence in this case.

### 2. Extraordinary and Compelling Reasons

In addition to considering section 3553(a) sentencing factors, Mr. De La Rosa must also demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. De La Rosa argues that his obesity, hypertension, and underlying heart condition satisfies the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because such conditions place him at higher risk for complications should he contract the virus. With respect to his underlying heart condition, at the hearing, defense counsel introduced medical records from Mr. De La

Rosa's cardiologist. Ex. A. Of specific concern is the result of Mr. De la Rosa's Coronary Artery Calcium Calculation test result. This test showed that Mr. De La Rosa's calcium score was 162.5, which "in a 45-year-old individual would be at the 97th percentile for subjects age, gender, and race/ethnicity who are free of clinical cardiovascular disease and treated diabetes." Id. Because Mr. De Law Rosa is 42, the medical view is that his calcium score is likely higher than the 97th percentile. Id.

The Centers for Disease Control and Prevention (CDC) indicates that persons with obesity are "more likely to get very sick from COVID-19 [and the] risk of severe illness from COVID-19 increases sharply with higher BMI." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  With respect to Mr. De La Rosa's hypertension, the CDC indicates that persons with hypertension might be more likely to get very sick from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  Finally, the CDC similarly indicates that persons with a heart disease, such as coronary artery disease[4], are also more likely to get very sick from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  As noted, the government agrees that Mr. De La Rosa's medical conditions place him at higher risk for complications, severe illness, or death should he contract the virus.

At the hearing, Mr. De La Rosa testified that he is receiving appropriate and timely medical care at Allenwood Low. He testified that he is following doctor's instructions to reduce his risk of coronary disease; in particular, he stated that he has lost fifty pounds. Mr. De La Rosa

---

[4] Mr. De La Rosa's doctor performed a Coronary Artery Calcium Scan in order to diagnose Mr. De La Rosa with coronary heart disease. The CDC recognizes the test the doctor performed as one of the tests used to diagnose coronary artery disease. https://www.cdc.gov/heartdisease/coronary_ad.htm

has also received two doses of the Pfizer Covid Vaccine. He has not yet received a booster shot. Two doses of the vaccine significantly reduces the chance that a vaccinated person will contract the virus, and it also significantly reduces the symptoms and the severity if the virus is contracted. Thus, a vaccinated person in Mr. De La Rosa's position is less likely to suffer severe symptoms should he contract the virus. Based on his medical records and his own reports, Mr. De La Rosa's conditions are being properly monitored, they appear to be controlled, and Mr. De La Rosa is compliant with his medical treatment. Viewing his medical conditions in combination with his age, 42, and the fact that he has received two doses of the vaccine, the Court cannot say that such circumstances demonstrate "extraordinary and compelling reasons."

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. De La Rosa's release. He argues that he is unable to fully protect himself from contracting COVID-19 while incarcerated because the prison and inmates are unable to consistently and adequately abide by the government's recommended practices and guidelines for protection. The Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus. As of July 18, 2022, there are zero inmate cases and zero staff member cases of COVID-19 at Allenwood Low. See https://www.bop.factorsgov/coronavirus/ (Since the beginning of the Pandemic, there has been one inmate death from COVID-19 at Allenwood Low and, in total, 373 inmates and 23 staff members have recovered from the virus). The Court recognizes and considers the potential for Mr. De La Rosa's exposure to the COVID-19 virus at Allenwood Low. The Court is also aware that new, potentially more contagious variants of the virus, such as BA.5, have developed and that Mr. De La Rosa may potentially be exposed to such variants. Unfortunately, that potential exposure exists anywhere in society. "[T]he mere existence of

COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). The Court reiterates that Mr. De La Rosa's medical needs are being addressed at Allenwood Low. When considering all circumstances impacting Mr. De La Rosa, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release.

Accordingly, the Court denies Defendant's Motions.

AND NOW, this 18 day of July 2022, it is HEREBY ORDERED that Defendant's pro se Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A (ECF No. 110) and is DENIED.

BY THE COURT:

/s *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge